IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | | |
|---|---|---|
| JAMES PILLER, | ) | Cause No. CV 07-16-BU-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On March 14, 2007, Petitioner James Piller filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Piller is a state prisoner proceeding *pro se.*

On August 27, 2007, Piller was ordered to show cause why his Petition should not be dismissed with prejudice based on the one-year federal statute of limitations.  See Order (doc. 5) at 3-5.  The Order was mailed to Piller's last known mailing address.[1]  Although the mail was not returned as undeliverable, Piller failed to respond.  The Order stated that "[i]f Petitioner fails to file such a brief [in response to the Order], his petition will be recommended for dismissal for failure to

_____

[1] Piller twice filed Notices of Change of Address.  See Notice (doc. 3); Notice (doc. 4).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

file within the applicable statute of limitations." Id. at 5.

Piller appeals two convictions, one entered on November 12, 1992, and one entered on May 23, 1996. He filed the instant petition on March 14, 2007. The petition is clearly untimely. Piller has not shown any extraordinary circumstance that made it impossible for him to file timely. See Calderon v. United States Dist. Court ("Beeler"), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (internal quotation omitted), overruled on other grounds by Calderon v. United States Dist. Court ("Kelly IV"), 163 F.3d 530 (9th Cir. 1998) (en banc). The petition should be dismissed.

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). Where the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright, 220 F.3d at 1026 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Here, both the extremely long delay in filing and Piller's failure to respond to the Court's Order indicate that no reasonable jurist would find dismissal debatable. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

Piller's Petition (doc. 1) should be DISMISSED WITH PREJUDICE as barred by the one-year federal statute of limitations. A certificate of appealability should be DENIED.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND
CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this

Findings and Recommendations within ten (10) business days of the date entered as indicated on the

Notice of Electronic Filing.  A district judge will make a de novo determination of those portions

of the Findings and Recommendations to which objection is made.  The district judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file

written objections may bar a de novo determination by the district judge.

Piller must immediately inform the Court of any change in his mailing address.

DATED this 2nd day of January, 2008.


/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3